JAMES W. BACON v. WILLIAM CANNON and JAMES CANNON lately trading in the name, style and firm of WILLIAM and JAMES CANNON.

Though part owners of a vessel cannot be sued as partners, yet if they jointly act together in procuring and purchasing freight for her and in superintending the shipment of it, and draw drafts for the proceeds of it in their joint name in the style of a firm, the jury may consider it evidence that they were partners in such business ; and if they buy a bill of goods on credit, in their joint name, being together at the time, they will be liable for the goods as partners.

ACTION of assumpsit for goods sold and delivered with the usual pleas and affidavit denying the partnership of the defendants. The proof was that the goods were sold by Bacon the plaintiff, to William and James Cannon the defendants, and charged to them, and that they were both present at the time of the sale and delivery. Also that they bought and owned the one fourth of a schooner, which James generally, and William occasionally, sailed and commanded as captain; that they acted together in procuring freight for her, and both attended to and superintended such business, and had bought lumber and drawn drafts in their joint name of William and James Cannon for the proceeds of it shipped by her and sold in the city of Philadelphia. But they had no sign, or general place of business as partners, and did not reside in the same village; James residing at Concord and William near Seaford; and that the former sometimes bought and shipped wood by the vessel in his own name, without connecting the name of the latter with his own in the purchase of it. The defence was that they were part owners, or tenants in common of one fourth of the schooner, but not partners and could not be sued as such, unless they carried on business and traded in some other way as a partnership.

*The Court, Gilpin, Ch. J. charged the Jury ;* That if persons, though not in point of fact partners, hold themselves out as partners, and deal with and obtain goods on credit, as such, of others, they will be liable in an action at law as partners to such persons. If therefore the defendants had dealt with the plaintiff and purchased the goods in question of him in their joint name and style of William and James Cannon as partners, the plaintiff would be entitled to recover in the present action, notwithstanding their denial, even by their affidavit, of the partnership. And although as part owners,

or tenants in common merely of the vessel, they would not be liable as partners, and could not be sued as such; still that circumstance together with their joint action in procuring and purchasing lumber and other freights in their joint name, and in superintending the shipment of it together, with the style and name in which their drafts were drawn in their joint name of William and James Cannon, were all matters proper to be taken into consideration by the jury in determining the question whether the defendants dealt with the plaintiff as partners in the transaction referred to; and if they were satisfied of that fact, or were satisfied from the evidence before them that they were in fact partners in the business carried on by them, then their verdict should be for the plaintiff; otherwise for the defendants.